Dear Judge Schexnayder:
This office is in receipt of your opinion request in which you seek an opinion on the following questions:
 (1) May a justice of the peace serve as deputy clerk of court?
(2) May a town clerk hold the office of alderman?
LSA-R.S. 42:63(D) provides as follows:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
The corresponding definitions are found in LSA-R.S. 42:62, which provides in part:
§ 62. Definitions
 As used in this Part the following words and phrases shall have the following meanings ascribed for each unless the context clearly indicates otherwise:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 (4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
* * *
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
The office of justice of the peace is a local elective office in accordance with the above cited statute. The office of deputy clerk of court is an appointed office in accordance with the above cited definitions. Thus, it is impermissible for a justice of the peace to serve as a full time deputy clerk of court in accordance with LSA-R.S. 42:63(D). However, please note that "part time" is defined as working less than thirty-five hours per week. Thus, if a deputy clerk of court reduces the hours worked to less than thirty-five hours per week, the deputy clerk of court position would be considered part time. In that case, a justice of the peace can hold the position as a part time deputy clerk of court.
Regarding the positions of town clerk and alderman, LSA-R.S.33:381(B) provides in pertinent part, as follows:
 B. The mayor and chief of police in all municipalities shall be elected at large. The street commissioner and clerk may be an alderman, and the mayor may be street commissioner, if the board of aldermen so decides. The clerk or chief of police may be a tax collector or assessor, if the board of aldermen so decides. Municipalities where the chief of police is appointed rather than elected as of August 1, 1970, may continue to operate with an appointive chief.
In accordance with the above provisions, an alderman may be the municipal (town) clerk, if the board of alderman decides on such an arrangement. Please note that this is consistent with Attorney General Opinion Numbers 89-388, 88-277, 86-790 and 92-1.
We hope the foregoing sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: J. RICHARD WILLIAMS Assistant Attorney General
RPI:JRW:glb
Date Received:
Date Released: